﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191231-52322
DATE: October 30, 2020

ORDER

Entitlement to service connection for obstructive sleep apnea (OSA) is denied.

FINDING OF FACT

OSA was not present in service and was not shown to be causally related to service, to include in-service sleep complaints, or to be proximately due to or aggravated by any service-connected disability.

CONCLUSION OF LAW

The criteria for entitlement to service connection for OSA have not been met. 38 U.S.C. §§ 1101, 1110, 1131 (2012); 38 C.F.R. §§ 3.303, 3.310 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 2012 to August 2018. 

He initially filed a claim for service connection for sleep apnea in September 2018. In a December 2018 rating decision, the agency of original jurisdiction (AOJ) denied the claim. In December 2018, the Veteran requested reconsideration. In an April 2019 rating decision, the AOJ confirmed and continued the previous denial of the claim for service connection for sleep apnea. 

In May 2019, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of the April 2019 rating decision based on new and relevant evidence. In July 2019, the AOJ issued the supplemental claim decision on appeal, which found that new and material evidence had not been received. However, the AOJ applied the wrong standard of review for new and relevant evidence and instead addressed the claim under the prior standard of review for new and material evidence.

In August 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of the December 2018 rating decision. In September 2019, the AOJ issued the HLR decision on appeal, denying entitlement to service connection for sleep apnea. 

In the December 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the September 2019 HLR decision on appeal. 38 C.F.R. § 20.301.

Medical treatise evidence submitted in December 2019 and January 2020 was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the service connection claim for OSA, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to service connection for OSA 

In written statements of record, the Veteran has asserted that his OSA began during active service and continued to bother him since that time. He indicated that he was teased in service for his loud snoring and for disturbing others around him in the barracks. He later argued his claimed OSA was secondary to his service-connected posttraumatic stress disorder (PTSD). 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection may be established for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d).

A disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310(a). Any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease will be service connected. However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. 38 C.F.R. § 3.310(b).

Service personnel records detailed that the Veteran’s military occupational specialty was Security Forces Journeyman and he was awarded the Air Force Combat Action Medal. 

Service treatment records do not show any complaints, findings, or diagnosis of OSA. However, the Veteran indicated that he did not sleep as well as he used to in October 2014. He was also shown to complain of trouble sleeping with use of melatonin in March 2015 and was given a diagnosis of insomnia in April 2015, receiving a trial of neurotonin. He continued to report inadequate sleep in December 2015. The Veteran complained of sleep disturbances and nightmares in June 2018 and July 2018. In an August 2018 Report of Medical History, the Veteran again reported being treated for insomnia in April 2015 and having nightmares. 

Post-service VA treatment records dated from 2018 to the present reflected complaints of snoring and gasping. A February 2019 sleep study ordered by VA revealed moderate OSA. 

However, evidence of record does not include any probative medical evidence or opinion suggesting a causal relationship between the Veteran’s claimed OSA and his active military service, to include in-service sleep complaints. It also does not show that OSA was proximately due to or aggravated by any service-connected disability, including PTSD.

In an April 2019 VA examination report and medical opinion, the examiner diagnosed OSA, noting that the Veteran’s condition began spontaneously with feeling fatigue and waking up through the night. He then received a sleep study in February 2019 and is currently awaiting a CPAP machine. After reviewing medical records and performing a physical examination, the examiner opined that it was less likely than not that the Veteran’s OSA was incurred in or caused by the claimed in-service injury, event, or illness. In the cited rationale, the examiner highlighted that service treatment records reflected that the Veteran had difficulty falling asleep, which was not commonly a symptom of sleep apnea. It was noted that those with sleep apnea often have trouble staying asleep. The examiner further indicated that the Veteran’s other in-service complaint of sleeping trouble was due to nightmares, which was not a manifestation of OSA. 

The Board considers the above April 2019 VA medical examination and opinion to be of great probative value in this appeal. The VA examiner provided a complete rationale for the stated opinions, supporting the opinions by utilizing their medical knowledge as well as citing to evidence included in the record. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Therefore, the Board finds that the most persuasive medical evidence that specifically addresses the question of whether the Veteran’s currently diagnosed OSA was incurred during service or was related to his sleep complaints during active service weighs against the claim. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993); see also Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993). Thus, there is no basis upon which to conclude that the Veteran’s present sleep disorder was causally related to service, to include in-service sleep complaints, or was proximately due to or aggravated by any service-connected disability. 38 C.F.R. §§ 3.303, 3.310.

The statements from the Veteran are competent evidence as to observable symptomatology, including insomnia, snoring and sleep disturbance. See Barr, 21 Vet. App. at 307. However, the statements that the Veteran’s claimed disorder onset during, was a result of active military service, or was secondary to his service-connected PTSD draw medical conclusions, which the Veteran and his spouse are not qualified to make. Although lay persons are competent to provide opinions on some medical issues, the etiology of the Veteran’s claimed OSA falls outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); see also Jandreau, 492 F.3d at 1377. 

Finally, the Board is cognizant that in the December 2019 VA Form 10182, the Veteran’s representative argued that the Veteran’s sleep apnea was secondary to his service-connected PTSD. He contended that the April 2019 VA examiner failed to acknowledge the Veteran’s PTSD both in service and after as a contributing factor to his diagnosed OSA. The Board considered this alternative theory, along with the new argument. However, there was no competent medical evidence of record relating the Veteran’s OSA to his service-connected PTSD submitted within the proper evidentiary window. 

In addition, any failure of the above April 2019 VA examiner to consider this theory or of the AOJ to obtain a medical opinion regarding secondary service connection cannot constitute pre-decisional duty to assist error because it was not raised by the record prior to the September 2019 HLR decision on appeal. The Veteran may file a Supplemental Claim and submit or identify the alternative theories of entitlement, along with any new evidence. 38 C.F.R. § 3.2501. If the alternative theory of entitlement and evidence are deemed to be new and relevant, VA will issue another decision on the claim, considering the alternative theory of entitlement and any new evidence, in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Accordingly, the criteria to award entitlement to service connection for OSA have not been established, either through probative medical or lay evidence. In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim of entitlement to service connection for OSA, that doctrine is not applicable. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. D. Deane, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.